0 7 - 3 6

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Delaware |
|---|---|

| Name (under which you were convicted): Edward Gibbs | Docket or Case No.: |
|---|---|

| Place of Confinement: D.C.C 1181 Paddock Rd. Smyrna Del, 19977 | Prisoner No.: 148996 |
|---|---|

Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)

Edward Gibbs    v.    Warden Thomas Carrol

The Attorney General of the State of Delaware    Beau Biden

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    Superior Court Sussex County 1 The Circle Suite 2
    Georgetown Del, 19947
    (b) Criminal docket or case number (if you know): S03-06-0519  S86-12-0243

2.  (a) Date of the judgment of conviction (if you know): 10-30-2003
    (b) Date of sentencing: 12-19-2003

3.  Length of sentence: 20 years 24ss V.o.P

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☐  No ■

5.  Identify all crimes of which you were convicted and sentenced in this case: _____
    Escape After conviction 20 yrs.
    Violation Probation 24ss.

6.  (a) What was your plea? (Check one)
    (1) Not guilty ■          (3) Nolo contendere (no contest) ☐
    (2) Guilty ☐              (4) Insanity plea ☐
    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
    charge, what did you plead guilty to and what did you plead not guilty to? _____

JAN 1 8 2006

(c) If you went to trial. what kind of trial did you have? (Check one)

Jury ■    Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ■    No ❑

8. Did you appeal from the judgment of conviction?

Yes ■    No ❑

9. If you did appeal, answer the following:

(a) Name of court: _Delaware Supreme court_

(b) Docket or case number (if you know): _612, 2003_

(c) Result: _Affirmed_

(d) Date of result (if you know): _Feb 4, 2005_

(e) Citation to the case (if you know): _Copy Attached_

(f) Grounds raised: _Ineffective Assistance Counsel, Failed to_ _Subpoena witness, disproportionally Habitual criminal_ _Tried by all white Jury, Lesser included offense_ _Counsel Discussed case with Prosecutor, Judge Bradley Failed_ _to inquiry into Conflict.._

(g) Did you seek further review by a higher state court?    Yes ❑    No ❑

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ■    No ❑

If yes, answer the following:

(1) Docket or case number (if you know): _Filed after 90 days to late_

Page 4

(2) Result: Court refused to entertain Petition

(3) Date of result (if you know): May 20, 2005

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court Sussex County

(2) Docket or case number (if you know): I.O#O3O5O16899

(3) Date of filing (if you know): 7-24-05

(4) Nature of the proceeding: Rule 61 Postconviction

(5) Grounds raised: 32 grounds; 13 ineffective assistance of counsel Judge Bradley Abused discretion, Tried by all white Jury Habitual Criminal, Lesser included offense, Supreme court Errored didn't hear ineffective Assistance claim on direct Appeal, Judge Stokes denied counsel on direct Appeal and at Sentencing, Supreme court denied Petitioner Counsel,

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐  No ☑

(7) Result: Denied

(8) Date of result (if you know): March 29, 2006

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Supreme court Delaware

(2) Docket or case number (if you know): No. 203, 2006

(3) Date of filing (if you know): 5-31-2006

(4) Nature of the proceeding: Opening brief

(5) Grounds raised: 1) Superior court lacked Jurisdiction 2) Judge Bradley failed to make inquiry into conflict, 3) Ineffective assistance of counsel, counsel failed to Subponea witnesses... 4) Supreme court Errored didn't hear ineffective assistance of counsel claim on Direct Appeal...

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ❑   No ■

(7) Result: ᴏᴜᴛᴄᴏᴍ _____

(8) Date of result (if you know): Nov 30, 2006 _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your

petition, application, or motion?

    (1)  First petition:        Yes ❑    No ❑

    (2)  Second petition:    Yes ❑    No ❑

    (3)  Third petition:        Yes ❑    No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Superior Court lacked Jurisdiction

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
No Grand Jury Indictment No Valid Waiver preliminary hearing

(b) If you did not exhaust your state remedies on Ground One, explain why:
Lack of knowledge and found information through research.

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐   No ■

    (2) If you did not raise this issue in your direct appeal, explain why:
Lack of knowledge and found information through research

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ■   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule (61) Post conviction

Name and location of the court where the motion or petition was filed:
Superior Court Sussex County

Docket or case number (if you know): _Cr. ID No. 0305016899_

Date of the court's decision: _March 29, 2006_

Result (attach a copy of the court's opinion or order, if available): _See copy of_
_Supreme court decision on opening brief!!!_

---

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ■

(4) Did you appeal from the denial of your motion or petition?

    Yes ■   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ■   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_Delaware Supreme Court_

Docket or case number (if you know): _No. 203, 2006_

Date of the court's decision: _November 30, 2006_

Result (attach a copy of the court's opinion or order, if available): _Copy Attached_

---

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

---

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Raising_
_ground on Habeas corpus now!!!_

---

GROUND TWO: _Judge Bradley Abused discretion_

---

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_10-22-02 Failed to make inquiry in conflict_
_Petitioner informed Judge of conflict".

---

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ■  No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?

        Yes ■  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Post Conviction

    Name and location of the court where the motion or petition was filed: _____

    Superior court Sussex county Georgetown Del,

    Docket or case number (if you know): I D# 0305016899

    Date of the court's decision: Mar 29, 2006

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ■

    (4) Did you appeal from the denial of your motion or petition?

        Yes ■  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ■  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Delaware Supreme court

Docket or case number (if you know): 203, 2006

Date of the court's decision: Nov. 30, 2006

Result (attach a copy of the court's opinion or order. if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

This Habeas Corpus

_____

_____

GROUND THREE: Ineffective Assistance of Counsel

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner sent a witness list to counsel dated 10-2-03

Prior to trial 10-30-03, Counsel failed to subpoena

witnesses:

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three. explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ■ No ❑

(2) If you did _not_ raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

state trial court?        Yes ■   No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed: _____

Sussex county Superior Court

Docket or case number (if you know): No. 0305016899

Date of the court's decision: March 29, 2006

Result (attach a copy of the court's opinion or order, if available): is attached

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑   No ■

(4) Did you appeal from the denial of your motion or petition?

Yes ■   No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ■   No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Delaware Supreme Court

Docket or case number (if you know): 203,2006

Date of the court's decision: Nov. 30, 2006

Result (attach a copy of the court's opinion or order, if available): See copy

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

This habeas corpus

_____

GROUND FOUR: Supreme court Errored

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Supreme court Errored by not ruling on Petitioner Direct Appeal Claim, Ineffective Assistance of counsel Claim

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes ■   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post conviction

Name and location of the court where the motion or petition was filed:

Sussex county superior court

Docket or case number (if you know): No. 0305016899

Date of the court's decision: march 29, 2006

Result (attach a copy of the court's opinion or order, if available): " "

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ■

(4) Did you appeal from the denial of your motion or petition?

Yes ■   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ● No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Delaware Supreme Court

Docket or case number (if you know): No. 203, 2006

Date of the court's decision: Nov. 30, 2006

Result (attach a copy of the court's opinion or order, if available): " "

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

This Habeas corpus

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?        Yes ☒    No ❑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        Yes ☒    No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

U.S. District Court Delaware 844 N. King St. Lock box 19 Wilm. Del. 19801, no. 05-750-JJF. Same issues

See attached orders April 12, 2006

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: William Moore
        14 the Circle 2nd floor Georgetown Del, 19947
    (b) At arraignment and plea: Pro-Se

    (c) At trial: Carole Dunn
        14 the Circle 2nd floor Georgetown Del, 19947
    (d) At sentencing: Pro-Se

    (e) On appeal: Pro-Se

    (f) In any post-conviction proceeding: Pro-Se.

    (g) On appeal from any ruling against you in a post-conviction proceeding: Pro-Se.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ■    No ☐

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

## IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

* * * * *

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _Superior Court Sussex County_

(b) Give the date the other sentence was imposed: _12-19-2003_

(c) Give the length of the other sentence: _2 yrs. Probation_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ■  No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _Petitioner statute of limitations hasn't_
_ended as of yet._

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _Release Petitioner_

_from the illegal Sentence_

or any other relief to which petitioner may be entitled.

---

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _1-15-2007_ (month, date, year).

Executed (signed) on _1-15-2007_ (date).

_Edward Dililis pro-se_

Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| EDWARD GIBBS, | § | |
| | § | No. 612, 2003 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware, in and |
| v. | § | for Sussex County in S03-06- |
| | § | 0519 and S86-12-0243. |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID Nos. 87S00031DI |
| Appellee. | § | 0305016899 |

Before **HOLLAND, BERGER** and **JACOBS,** Justices.

Submitted:  October 14, 2004
Decided:  February 4, 2005

## O R D E R

This 4th day of February 2005, upon consideration of the appellant's

opening brief and appendix, the State's motion to affirm and the Superior

Court record, it appears to the Court that:

(1)    On March 11, 2003, Gibbs arrived at the Sussex Work Release

Center (SWRC) in Georgetown, Delaware, to begin serving the Level IV work

release portion of a sentence imposed in November 2000 for violation of

probation (VOP).[1]  Upon arriving at the SWRC, Gibbs received a manual of

---

[1]*State v. Gibbs*, Del. Super., Cr. ID No. 87S00031DI, Stokes, J. (Nov. 20, 2000).
The sentence was modified on October 24, 2001, to address a good time problem and on
February 24, 2003, to change Level IV "home confinement" to Level IV "work release."

the policies, rules and regulations of the corrections facility, including the work release program. During intake, an officer reviewed with Gibbs certain program requirements, including the specific policy that a resident who failed to remain within one hour contact of the SWRC could be placed on escape status.

(2)    After a week-long orientation period, Gibbs obtained employment at a chicken house in Laurel, Delaware. Gibbs then obtained employment at the Sussex Pines Country Club in Georgetown.

(3)    On May 25, 2003, Gibbs did not return to the SWRC from his job at the Sussex Pines Country Club. As a result, a warrant issued the following day for Gibbs' arrest. Gibbs was apprehended without incident on June 11, 2003, in Georgetown.

(4)    On June 12, 2003, as a result of his arrest, Gibbs was charged with VOP. A VOP hearing was scheduled and later continued. On July 18, 2003, Gibbs was charged with Escape after Conviction. A jury trial was held on October 30, 2003, on the escape charge.

(5)    At the outset of his trial, Gibbs, through counsel, filed a motion to dismiss. After the State rested, Gibbs moved for judgment of acquittal. In the interim, Gibbs requested a jury instruction on the lesser-included offense

2

of Escape in the Second Degree. The Superior Court denied all of the applications.

(6)  At trial, Gibbs testified that he made no effort to contact the SWRC between May 25, 2003, when he failed to return to the facility,[2] and June 11, 2003, when he was finally apprehended in Georgetown. The jury found him guilty as charged of Escape after Conviction.

(7)  At the December 12, 2003 sentencing proceeding, Gibbs moved to dismiss his trial counsel on the basis of alleged incompetence. The Superior Court denied the motion. Nonetheless, after a lengthy colloquy, the Superior Court permitted Gibbs to proceed *pro se* for the remainder of the proceedings and directed his trial counsel to serve as standby counsel.

(8)  Prior to imposing the sentence, the Superior Court considered and denied a motion for new trial that had been filed by Gibbs' counsel. The Superior Court then granted the State's motion to have Gibbs declared an habitual offender. Finally, the Court took up the matter of the VOP charge and, after hearing from Gibbs, adjudged him guilty of VOP.

---

[2]Gibbs testified that when he got off of work on May 25, 2003, he went to see his son, "was with [a] female," "was drinking . . . and just fell asleep." Trial Tr. at 91 (Oct. 30, 2003).

3

(9)    For Escape after Conviction, the Superior Court sentenced Gibbs, as an habitual offender,[3] to twenty years incarceration at Level V with credit for time served, followed by six months at Level IV work release. On the VOP, the Superior Court sentenced Gibbs to one year and nine months at Level V, suspended for two years at Level III probation. This *pro se* direct appeal followed.

(10)    Earlier in this appeal, Gibbs moved for the appointment of substitute counsel. By Order dated July 8, 2004, the Court denied the motion, ruling that Gibbs' dissatisfaction with his former trial counsel did not, in and of itself, provide a basis for the appointment of substitute counsel on appeal.[4] Thereafter, by Order dated August 11, 2004, the Court denied Gibbs' motion for rehearing *en banc* of the July 8 Order. Gibbs now attempts in his opening brief to further challenge the denial of substitute counsel; however, that decision is not subject to further review in this Court.

(11)    In his opening brief, Gibbs, who is African American, alleges that his trial by an all-white jury suggests that there was a systematic exclusion of minorities from the jury selection process. He raised a similar claim in his

---

[3]Del. Code Ann. tit. 11, § 4214(a).

[4]*Gibbs v. State*, 2004 WL 1587043 (Del. Supr.).

4

unsuccessful motion for new trial. The claim is without merit. Gibbs has not made a *prima facie* showing that the jury's composition resulted from the systematic exclusion of minority members for racially motivated purposes.[5]

    (12)   Next, Gibbs contends that he was entitled to a jury instruction on the lesser-included offense of Escape in the Third Degree. He also contends that the Superior Court erred when instructing the jury on Escape after Conviction. Both claims will be reviewed only for plain error,[6] as neither claim was raised at trial.[7]

    (13)   The Superior Court did not commit plain error by not instructing the jury on the lesser-included offense of Escape in the Third Degree. There was no rational basis in the evidence for a verdict acquitting Gibbs of Escape after Conviction but convicting him of Escape in the Third Degree.[8] Escape in the Third Degree does not require proof, as does Escape after Conviction,

---

[5]*Batson v. Kentucky*, 476 U.S. 79 (1986); *Riley v. State*, 496 A.2d 997, 1009 (Del. 1985).

[6]*Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[7]Gibbs did not request a jury instruction on the lesser-included offense of Escape in the Third Degree. He requested, and was denied, a jury instruction on the lesser-included offense of Escape in the Second Degree.

[8]Del. Code Ann. tit. 11, §206(c); *Herring v. State,* 805 A.2d 872 (Del. 2002).

5

of having escaped from a detention facility after having been convicted of a crime.[9]

(14)   Moreover, Gibbs has not demonstrated any error, much less plain error, with respect to the Superior Court's jury instruction on the offense of Escape after Conviction. Contrary to Gibbs' claim, the crime of Escape after Conviction includes an element of "knowledge" of the offense.[10]

(15)   Gibbs argues that there was insufficient evidence to prove beyond a reasonable doubt that he was in the custody of the Department of Correction on May 25, 2003, when he was alleged to have escaped. Gibbs' claim is without merit. As a matter of law, an inmate on pass from a work release facility continues to be in the custody of the Department of Correction and is subject to the penalty for escape.[11]

---

[9]*See* Del. Code Ann. tit 11, § 1253 (2001) (providing that a person is guilty of escape after conviction if the person, after entering a plea of guilty or having been convicted by the court, escapes from a detention facility or from the custody of the Department of Health and Social Services or the Department of Correction) (amended 2003); *see* Del. Code Ann. tit 11, § 1251 (providing that a person is guilty of escape in the third degree when the person escapes from custody, including placement of nonsecure facilities by the Division of Youth Rehabilitative Services); *Flamer v. State*, 2002 WL 549544 (Del. Supr.).

[10]Del. Code Ann. tit. 11, §1258 (4) (defining "escape" as "departure from the place in which the actor is held or detained with knowledge that such departure is unpermitted").

[11]Del. Code Ann. tit., 11 § 6533(b); *Woodlin v. State*, 2001 WL 1006216 (Del. Supr.); *Smith v. State*, 361 A.2d 237 (1976); *Gaskill v. State*, 138 A.2d 500 (1958).

6

(16)    In a related claim, Gibbs argues, as he did in the Superior Court, that because he was serving a sentence imposed on a VOP when he failed to return to the SWRC, he was not subject to a charge of Escape after Conviction. Gibbs' claim is without merit. Gibbs was criminally convicted and was serving the Level IV work release portion of a VOP sentence when he failed to return to the SWRC. Gibbs was properly charged with Escape after Conviction.

(17)    Gibbs claims that his twenty-year sentence for Escape after Conviction is grossly disproportionate and in violation of the Eighth Amendment. His claim is without merit. As an habitual offender, Gibbs was facing a statutory minimum of eight years to a maximum of life imprisonment for the Class D felony conviction of Escape after Conviction, which is classified as a violent felony.[12] In view of Gibbs' extensive criminal history, which the Superior Court reviewed in detail at sentencing, the twenty-year sentence does not give rise to an inference of disproportionality.[13]

(18)    Gibbs contends that he was not afforded due process, specifically adequate notice, with respect to the VOP charge that the Superior Court

---

[12]Del. Code Ann. tit. 11, § 4201(c).

[13]*See McCleaf v. State*, 2004 WL 344423 (Del. Supr.) (holding that habitual offender sentence imposed was not disproportionate and did not implicate Eighth Amendment).

7

considered immediately prior to his sentencing.[14]  His contention is without merit.  The record reflects that Gibbs was brought before the Superior Court on June 12, 2003, pursuant to an administrative warrant, and that a VOP hearing was scheduled for June 27, 2003.  By letter dated July 1, 2003, addressed to Gibbs, the Superior Court confirmed that the June 27 VOP hearing had been continued and would be rescheduled after disposition of the Escape after Conviction charge.

(19)  Finally, Gibbs argues that his trial counsel was ineffective at trial and on appeal.  Gibbs alleges that his counsel discussed with the prosecutor and the trial judge confidential information that was protected by the attorney-client privilege.  Moreover, he alleges that his counsel failed to (a) investigate his case; (b) gather exculpatory evidence; (c) subpoena witnesses; (d) present a meaningful defense; (e) raise prosecutorial misconduct; (f) allow him to testify fully at trial and to attend two case conferences; (g) object to an erroneous jury instruction; and (h) assist him on appeal.

---

[14]Super. Ct. Crim. R. 32.1.  "[Due process] requires that a probationer receive notice of the alleged violations of probation, an opportunity to appear and present evidence, a conditional right to confront adverse witnesses, and an independent decision maker." *Gibbs v. State*, 760 A.2d 541, 543 (Del. 2000) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973))

8

(20) It is settled law that this Court will not consider a claim of ineffective assistance of counsel that is raised for the first time on direct appeal.[15] In this case, Gibbs claimed ineffective assistance of counsel in the motion to dismiss counsel that the Superior Court considered and denied prior to sentencing. Gibbs did not, however, raise all of the allegations that he now seeks to raise in his ineffective assistance of counsel claim on appeal. Moreover, the Superior Court advised Gibbs, when denying his motion dismiss counsel, that he would have an opportunity "in the future," *i.e.* "post [direct] appeal," to pursue his ineffective assistance of counsel allegations under Superior Court Criminal Rule 61 "and [to] make a full record of [his claims]." Under these circumstances, and in order to give effect to the Superior Court's apparent intention to consider an ineffective assistance of counsel claim filed by Gibbs after the conclusion of the direct appeal, we decline to consider Gibbs' ineffective assistance of counsel claim in this appeal.

---

[15]*Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

9

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Carolyn Berger
Justice

10

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD GIBBS, | § | |
| | § | No. 203, 2006 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware, in and |
| v. | § | for Sussex County in S03-06- |
| | § | 0519I. |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0305016899 |
| Appellee. | § | |

Before **BERGER, JACOBS** and **RIDGELY,** Justices.

Submitted:    September 7, 2006
Decided:      November 30, 2006

## O R D E R

This 30th day of November 2006, upon consideration of the appellant's opening brief and appendix, the State's motion to affirm and the Superior Court record, it appears to the Court that:

(1)    The appellant, Edward Gibbs, filed an appeal from the Superior Court's denial of his motion for postconviction relief pursuant to Superior Court Criminal Rule 61("Rule 61"). The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Gibbs' opening brief that the appeal is without merit. We agree and affirm.

(2)   In October 2003, a Superior Court jury convicted Gibbs of Escape after Conviction.  At his sentencing in December 2003, Gibbs moved to dismiss his counsel as incompetent. The Superior Court denied the motion but, after conducting the requisite colloquy, allowed Gibbs to proceed pro se. The Superior Court declared Gibbs a habitual offender and sentenced him to twenty years at Level V with credit for time served, followed by six months at Level IV work release.

(3)   In his pro se direct appeal, Gibbs alleged that (i) his conviction by an all-white jury deprived him of a fair trial;  (ii) he was entitled to a jury instruction on a lesser-included offense; (iii) the Superior Court erred when instructing the jury; (iv) there was insufficient evidence to support his conviction; (v) the sentence imposed violated the Eighth Amendment; (vi) his due process rights were violated; and (vii) his defense counsel was ineffective. In his ineffective assistance of counsel claim, Gibbs reiterated the allegations of incompetence that he had previously raised in his motion to dismiss counsel as well as new allegations.

(4)   By order dated February 4, 2005, this Court affirmed the Superior Court's judgment as to all of Gibbs' claims except for his claim of ineffective

2

assistance of counsel.[1]  The Court deferred consideration of the ineffective counsel claim to give Gibbs an opportunity to raise the allegations in their entirety in the Superior Court, and the Superior Court to rule on them after developing an appropriate record.[2]

(5)    On August 11, 2005, Gibbs filed a motion for postconviction relief and separate motions for the appointment of counsel, an evidentiary hearing, and recusal of the trial judge. Among other claims, Gibbs alleged that his defense counsel was ineffective, the Superior Court lacked jurisdiction to try him, and the Superior Court failed to inquire into his conflict with his defense counsel.

(6)    The Superior Court directed that Gibbs' defense counsel ("his counsel") file an affidavit in response to the allegations of ineffectiveness. His counsel filed a lengthy affidavit opposing the allegations.  By order dated March 29, 2006, the Superior Court denied Gibbs' motion for postconviction relief.[3]  This appeal followed.

---

[1]*Gibbs v. State*, 2005 WL 535011 (Del. Supr.).

[2]*Id.* ¶ 20.

[3]*State v. Gibbs*, 2006 WL 1149161 (Del. Super. Ct.)

3

(7)    On appeal Gibbs argues some but not all of the claims that he raised in his postconviction motion. To the extent Gibbs has not briefed claims that he raised on postconviction relief, those claims on appeal are deemed waived and abandoned.[4]

(8)    In a claim that he raised, but on which the Superior Court declined to rule, Gibbs argues that this Court erred when deferring consideration of his ineffective assistance of counsel claim on direct appeal. The Court concludes that Gibbs' claim is without merit.[5]

(9)    When reviewing the Superior Court's denial of a postconviction motion pursuant to Rule 61, this Court first must consider the procedural requirements of the rule before addressing any substantive issues.[6] Rule 61(i)(3) bars from consideration any ground for relief that was not raised in the proceedings leading to the conviction unless the petitioner can establish (i) cause for failing to timely raise the claim and (ii) actual prejudice.[7] Rule

---

[4]*Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

[5]*See Johnson v. State*, 765 A.2d 926, 929 (Del. 2000) (deferring consideration of plain error claims on direct appeal and remanding to Superior Court to rule in the first instance on postconviction motion); *Shockley v. State*, 2006 WL 1277809 (Del. Supr.) (declining consideration of postconviction claims that were neither raised nor ruled upon in the Superior Court).                :

[6]*Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7]Del. Super. Ct. Crim. R. 61(i)(3) (2006).

4

61(i)(5) provides in part that the procedural bar of Rule 61(i)(3) shall not apply to a jurisdictional claim.[8]

(10)   Gibbs argues on appeal that the Superior Court lacked jurisdiction to try him because of an invalid waiver of preliminary hearing. The record reflects, however, that Gibbs waived his preliminary hearing and was properly charged by information.[9] Gibbs' jurisdictional claim is barred pursuant to Rule 61(i)(3), as he has provided no basis under Rule 61(i)(5) to excuse the procedural default.

(11)   Gibbs argues on appeal that the Superior Court failed to inquire into the conflict with his counsel. The sentencing transcript reflects, however, that the Superior Court thoroughly considered Gibbs' conflict with his counsel. Gibbs' claim to the contrary is barred pursuant to Rule 61(i)(3), as he has not demonstrated a basis under Rule 61(i)(5) upon which to excuse the procedural default.

(12)   Gibbs argues on appeal that his counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, Gibbs must show that

---

[8]Del. Super. Ct. Crim. R. 61(i)(5) (2006).

[9]*See* Del. Super. Ct. Crim. R. 7(b) (2006) (providing that an offense may be prosecuted by information if the defendant waives prosecution by indictment).

5

(i) his counsel's representation fell below an objective standard of reasonableness, and (ii) the deficiencies in his counsel's representation caused actual prejudice.[10]

(13)  The Court has carefully considered Gibbs' allegations ineffective counsel in conjunction with the record.  The record supports the Superior Court's findings that his counsel's performance was reasonable and/or that Gibbs did not demonstrate that alleged error on the part of his counsel was prejudicial to his case.

(14)  We find it manifest on the face of the opening brief that the judgment of the Superior Court should be affirmed.  The issues on appeal are controlled by settled Delaware law.  To the extent that judicial discretion is implicated, there was no abuse of discretion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[10]*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

6

**Farnan, Judge**

Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Edward Gibbs.  (D.I. 1.)  For the reasons discussed,
the Court will dismiss the Petition without prejudice for failure
to exhaust state remedies.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In March 2003, Petitioner arrived at the Sussex Work Release
Center ("SWRC") in Georgetown, Delaware, to begin serving the
Level IV work release portion of a sentence imposed for a
violation of probation.  Following a one-week orientation
program, Petitioner obtained employment at a chicken house in
Laurel, Delaware, and then at the Sussex Pines Country Club in
Georgetown, Delaware.  On May 25, 2003, Petitioner did not return
to the SWRC from his job at the country club, and a warrant was
issued for his arrest.  Petitioner was apprehended on June 11,
2003 in Georgetown.  Gibbs v. State, 872 A.2d 959 (Table), 2005
WL 535011, at **1(Del. Feb. 4, 2005).

On June 12, 2003, Petitioner was charged with violating the
terms of his probation.  Although a hearing was scheduled, it was
continued.  On July 18, 2003, Petitioner was charged with escape
after conviction, and a jury trial was held on that charge in
October 2003.  At trial, Petitioner testified that he had not
made any effort to contact the SWRC between May 25, 2003, the

1

date he failed to return to the facility, and June 11, 2003, the date on which he was apprehended. The jury convicted Petitioner on the escape charge. Gibbs, 2005 WL at **1 n.2.

During sentencing, Petitioner moved to dismiss his trial counsel. After a thorough colloquy, the Superior Court permitted Petitioner to proceed pro se for the remainder of the proceeding, and directed his trial counsel to serve as standby counsel. The Superior Court also considered the corresponding violation of probation charge, found Petitioner guilty of violating his probation, and sentenced him to one year and nine months in prison, suspended for two years of probation. For the escape conviction, the Superior Court sentenced Petitioner as an habitual offender to twenty years in prison with credit for time served, to be followed by six months at Level IV work release. Gibbs, 2005 WL 535011, at ¶¶ 7-9. Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentences.

On August 11, 2005, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). As of March 21, 2006, the motion was still pending in the Superior Court. (D.I. 13, Del. Super. Ct. Crim. Dkt. in State v. Gibbs, Crim. A. No. S03060519R1.)

On October 24, 2005, Petitioner filed the instant Petition. (D.I. 1.) Respondent filed an Answer, contending that the Petition should be dismissed without prejudice for failure to

2

exhaust state remedies.   (D.I. 11.)

## II.  GOVERNING LEGAL PRINCIPLES

A district court can entertain a state prisoner's
application for federal habeas relief only on the ground that his
custody violates the Constitution or laws or treaties of the
United States.  28 U.S.C. § 2254(a).  Absent exceptional
circumstances, a federal court cannot review a habeas petition on
the merits unless the petitioner has exhausted his remedies under
state law.  28 U.S.C. § 2254(b);  O'Sullivan v. Boerckel, 526
U.S. 838, 842-44 (1999);  Picard v. Connor, 404 U.S. 270, 275
(1971).  A petitioner satisfies the exhaustion requirement by
presenting his claim to the state's highest court, either on
direct appeal or in a post-conviction proceeding.  O'Sullivan,
526 U.S. at 844-45;  See Lambert v. Blackwell, 134 F.3d 506, 513
(3d Cir. 1997).  Generally, a federal court will dismiss without
prejudice an unexhausted claim in order to give a petitioner an
opportunity to present the unexhausted claim to the state courts.
Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).

## III.  DISCUSSION

Petitioner asserts four claims in his Petition: (1) the
Superior Court lacked jurisdiction over his criminal proceeding
because there was no grand jury indictment; (2) the trial judge
abused his discretion by failing to inquire about an undisclosed
conflict; (3) trial counsel provided ineffective assistance by

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
EDWARD GIBBS,                        :
                                     :
              Petitioner,            :
                                     :
     v.                              :    Civ. Act. No. 05-750-JJF
                                     :
THOMAS L. CARROLL,  Warden,          :
                                     :
              Respondent.            :
```

## O R D E R

At Wilmington, this $\frac{12}{}$ day of April, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Edward Gibbs' Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (D.I. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).


UNITED STATES DISTRICT JUDGE

failing to subpoena unspecified witnesses; and (4) the Delaware
Supreme Court erred by not ruling on Petitioner's ineffective
assistance of counsel claims in the direct appeal.

     After reviewing the parties' submissions, the Court
concludes that Petitioner has not yet exhausted state remedies
for any of his claims. Claims One, Two, and Four were not
presented to the Delaware Supreme Court on direct appeal.
Although Petitioner presented Claim Three (ineffective assistance
of counsel) on direct appeal, that presentation did not exhaust
state remedies; in Delaware, an ineffective assistance claim must
first be raised in a Rule 61 motion to the Superior Court. See
Castille v. Peoples, 489 U.S. 346, 351 (1989)(holding that a
petitioner does not exhaust state remedies by presenting a claim
to the state courts in an improper procedural fashion); Kendall
v. Attorney General of Delaware, 2002 WL 531221, at *4 n.2 (D.
Del. Mar. 26, 2002)(explaining that, in Delaware, an ineffective
assistance of counsel claim must first be raised in a post-
conviction motion pursuant to Superior Court Criminal Rule 61).
Further, even though Petitioner has raised all four claims in a
Rule 61 motion, (D.I. 1, at ¶ 18.), the Superior Court has not
yet decided that motion. Therefore, the claims will not be
exhausted until the completion of the state post-conviction
review process. See Evans v. Court of Common Pleas, 959 F.2d
1227, 1234 (3d Cir. 1992)(explaining general rule that federal

habeas review is unavailable until state criminal proceeding is completed); Ross v. Carroll, 2002 WL 31230810 (D. Del. Sept. 23, 2002).

Finally, the Court will deny Petitioner's request to stay the instant habeas proceeding until the Superior Court renders an opinion on his Rule 61 motion. (D.I. 1, at ¶ 18.) A stay is only warranted when a petitioner has presented a petition containing exhausted and unexhausted claims, and his ability to file a timely habeas petition after the proper exhaustion would be foreclosed under the one-year limitations period established in 28 U.S.C. § 2244. See Rhines v. Weber, 544 U.S. 269 2005); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004). Here, Petitioner has presented a Petition containing only unexhausted claims, and he will not be foreclosed from filing a timely habeas petition after he exhausts state remedies.

Accordingly, the Court will dismiss the Petition without prejudice for failure to exhaust state remedies.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists

5

would find the district court's assessment of the constitutional
claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v.
McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a
habeas petition on procedural grounds without reaching the
underlying constitutional claims, the court is not required to
issue a certificate of appealability unless the petitioner
demonstrates that jurists of reason would find it debatable: (1)
whether the petition states a valid claim of the denial of a
constitutional right; and (2) whether the court was correct in
its procedural ruling.  Id.

     The Court has concluded that the Petition must be dismissed
without prejudice for failure to exhaust state remedies.  The
Court is persuaded that reasonable jurists would not find this
conclusion to be debatable.  Therefore, the Court declines to
issue a certificate of appealability.

**V.  CONCLUSION**

     For the reasons discussed, Petitioner's Application For A
Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied
without prejudice.

     An appropriate Order will be entered.

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD GIBBS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-750-JJF |
| | : | |
| THOMAS L. CARROLL,   Warden, | : | |
| | : | |
| Respondent. | : | |

---

Edward Gibbs.  Pro se Petitioner.

Thomas E. Brown, Deputy Attorney General of the Delaware
Department of Justice, Wilmington, Delaware.  Attorney for
Respondent.

---

**MEMORANDUM OPINION**

April 13, 2006
Wilmington, Delaware

IM Edward Gibbs
SBI# 118876 UNIT N
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk
United States District Court
Lock Box 18 844 King St
wilmington Del
19801-3570

Legal mail

U.S. MAIL

UNITED STATES POSTAL SERVICE
$ 04.2
MAILED FROM ZIP CODE 19

## Certificate of Service   07 - 36

I, Edward Gibbs pro-se, hereby certify that I have served a true and correct cop(ies) of the attached: Habeas corpus Motion for Evidentiary Hearing, Motion for Appointment of Counsel, upon the following parties/person(s):

To: Department of Justice
820 N. French St.
Wilm. Del, 19801

To: Clerk U.S. District Court
Lockbox 18 844 King St.
Wilm. Del, 19801

By placing same in a sealed envelope, and depositing same in the United States mail at the Delaware Correctional Center, Smyrna, De. 19977.

On this 15th day of January, 2007

Edward Gibbs

07 - 36



JAN 18 2006