IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Edward Gibbs pro-se,
Appellant,

V.

Warden Thomas carrol
Appellee,

Civ. Act. No: 07-36-JJF

FILED
APR - 5 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BP scanned

Motion For Evidentiary Hearing

Comes now, the appellant, Edward Gibbs pro-se, and moves this Honorable Court for Evidentiary Hearing. In which a Jury Trial was held in Superior Court Sussex County; Judge Richard Stokes presided, Appellant was represented by public defender (Carole Dunn) and found guilty by a all white Jury on 10-30-2003. Appellant was Sentenced 12-19-2003 on the charge of Escape After Conviction S03-06-0519, to 20 years level V as a Habitual offender. At Sentencing Appellant filed a motion to dismiss counsel which was denied by Judge Stokes; Appellant filed his own Direct Appeal in the Supreme Court 9-8-2004 and post conviction 8-11-2005 and now this petition for Habeas Corpus 1-15-2007, and states that all claims were Exhausted. Appellant was never afforded a Evidentiary hearing in the lower courts: See Ricky Earp V. S.W. Ornoski: 431 F3d 1158-1169 Citing Townsend; That a defendant is Entitled to an evidentiary hearing if he can show that: 1) the merits of the factual dispute were not resolved in the State hearing; 2) the state factual determination is not fairly supported by the record as a whole: 3) Fact finding procedure employed by State court was not adequately to afford full and fair hearing:

4) There is Substantial allegation of newly discovered evidence;
5) material facts were not adequately developed at State-court hearing;
6) for any reason it Appears that state trier of fact did not afford Petitioner full and fair hearing; 28 U.S.C.A § 2254 (d). Earp V. Ornoski; 431 F3d 1158 (2005)...

1) Defendant informed Judge Bradley 10-22-2003 that it was a conflict between him and Counsel, See, Exhibit 1 pg. 3 Appellant informing Judge Bradley that he is not Satisfied with counsel; See, Campbell V. Rice 265 F3d 882; By contrast, when counsel's potential conflict of interest is brought to the Court's attention, the trial Judge is on notice and must "take adequate Steps" to protect the defendant's rights. Holloway, 435 U.S. at 484-85, 98 S.ct. 1173, To properly Perform this duty, the trial Judge must make an inquiry into the potential conflict. The Judge didnt make a proper inquiry into the conflict, See, Appellant Exhibit-2 pg. 4, when the Court invited Dunn to contradict her client and to undermine his Veracity, Gibbs in effect "was left to fend for himself, without representation by counsel... The 6th Amendment guarantees the right to the effective assistance of counsel at all critical stages of a criminal proceeding... U.S. V. Vincent Gonzalez 113 F3d 1026, See, Exhibit-3 pg. 5 counsel states that her and Appellant approached Case differently, See, Exhibit-4 pg. 6 the Judge States that he'll See us at Trial next week, the conflict was never resolved, Appellant Sent research to assist counsel on his defense, See Walter Mickens V. John Taylor 122 S.ct. 1240 [1,2,3] The Sixth Amendment provides that a criminal defendant shall have the right to "the assistance of counsel for his defence". U.S. V. Cronic 104 S.ct. 2039 "[we] have presumed prejudice when counsel labors under an actual conflict of interest.

U.S.v.Cronic 104 S.ct.2045 counsel failed to subject prosecution case to meaningful adversarial testing; See, Exhibit-5 pg.3-8 Transcript from 12-19-2003 sentencing Judge Stokes informed of conflict 10-22-2003 that wasn't resolved before Appellant trial and; the adversarial process protected by the 6th Amendment requires that the accused have counsel acting in the role of an advocate See, foot note [17] To satisfy the constitution, counsel must function as an advocate for the defendant, as opposed to a friend of the court; Appellant on 12-19-2003 consequently [Gibbs] was denied effective assistance at the [sentencing hearing]" when Judge Stokes told Appellant to [step aside] Menefield V.Borg 881 F2d 696,698 (9th cir.1989) A sentencing hearing is such a "critical stage". U.S.V. Springer 51 F3d 861,864 (9th cir.1995) by proceeding with the sentencing hearing under these circumstances the superior court abused it's discretion. The appellant has proven 5 of the 6 claims to be awarded a evidentiary hearing; in accordance to Earp v. Ornoski...

2) Appellant raised ineffective Assistance of counsel; counsel failed to subpona Judge Stokes as Appellant witness: Appellant directs the courts attention to Exhibit-7 pg.15-16 from 12-19-03 sentencing (Dunn) never stated why witness wasn't subponea. Appellant was forced to go to trial with a Lawyer that wouldn't subponea his witness and had a conflict with in which counsel never discussed a defense with Appellant; 6th Amendment right to counsel was violated; Brown v. Craven pg.1169 [2-4] Brown states that "y'all are having a trial and it's stated that counsel only provided a perfunctory defense: counsel in Appellant case never presented any information Appellant sent her, counsel did ask the court to dismiss the case with the information she received from Appellant, all counsel done was cross examine witnesses at trial.

See, williams 594 F2d 1258 (1979) pg. 1259 williams and counsel incompatible and counsel and client were at serious odds. A Lawyers first duty is Zealously to represent his/her client, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary") Sanders v. Ratelle 21 F3d 1446 (9th cir. 1994) pg. 1456. counsel filed a Affidavit in regards to Appellants post conviction Counsel was admitted to Delaware bar 10-30-2000 out of state member being certified 2001. Appellant had a trial 2003 with counsel and counsel didn't know the elements of said charge neither did the state they had to get Jury instructions from Kent county and had a meeting in which Appellant was not included. Counsel stated at sentencing 12-19-03 she don't interview witnesses, Ground five pg. 6 counsel admit she personally spoke with witness. See, florencio Rolan v. Donald Vaughn 445 F3d 682 prejudice, citing Gray, 878 F2d at 712 Id furthermore, in considering whether a petitioner suffered prejudice," [t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial. A modified sentencing order is what was produced at trial, Judge Stokes sentenced Appellant on the VOP.

3) Appellant next claim supreme court Errored; Supreme court didn't hear Appellant claim ineffective Assistance on direct Appeal: On 12-19-03 Appellant filed a motion to dismiss counsel due to counsel's ineffective representation of Appellant case; court may review ineffective assistance claims on direct Appeal if record is sufficiently developed regarding merits of claim

U.S. v. Toms. 136 F3d 176, 182 (D.C. Cir. 1998) Appellant has dillegently presented his claims to Superior court
and on direct Appeal the supreme court refused to entertain the claim due to Judge Stokes stating raise the claim on Postconviction: In Lewis v. State 757 A2d 714 First, since the question now raised by Lewis was not fairly presented to the trial Judge, it will not be addres, by this Court unless "the interest of Justice so require". Lewis had to demonstrate plain Error. 2nd Supreme court does not usually consider ineffective assistance of trial counsel claims in a diret Appeal. The court decided to address Lewis claims it presented questions relating to the Sixth Amend. right to counsel, attorney ethics, Judicial responsibility, and fundamental fairness: Appellant have proven plain error in his claims against counsel and the Supreme court for not hearing this claim. pg. 713. The assistant public defender who provided Lewis with exemplary and Successful representation in this appeal did not represent Lewis at trial. Appellant filed his appeal pro-se, and should of been heard on direct Appeal.

4) Appellant claim Superior court lacked Jurisdiction; Appellant didn't make a valid waiver of his preliminary hearing; Counsel William Moore told Appellant to waive the preliminary hearing and he would get him a 30 day plea for escape 3rd which is at the bottom of waiver form. See waiver form as Exhibit-1 dated 6-19-03, Appellant was coerced to Sign the waiver: A waiver is valid only if made in open court after the def. has been advised of the charges against him or her and of his Constitutional rights SEE, Fed. R. Crim. P. 7(b); See e.g., U.S. v. Ferguson, 758 F.2d 843, 850-51 (2d Cir. 1985) waiver of Grand Jury indictment must be in open court, def. must be informed of nature and cause of accusation and court must satisfied that defendant waived rights knowingly, intelligently and voluntarily); U.S. v. Moore, 37 F.3d 169, 172 (5th Cir 1994)

Prejudice: Taken from websters Dictionary of Law: Injury or deteriment to one's legal rights or claims (as from the action of another). see pg. 9 last paragraph counsel states, That conclusion, however, does not mean that adversial testing of the State's case was not zealously pursued, or that advocacy on behalf of defendant at trial was deficient. Exhibit-2 See The 2nd paragraph same page, After seeking clarifications from the prosecutor's office she admits She couldn't advance a defense. Appellant request a evidentiary hearing because the material facts were not adequately developed at the state-court-hearing. In support of the above allegations and claims See, Earp V. Ornoski 431 F3d 1169 [8][9] FN4. Also See; T. Dickson V. L. Wainwright 683 F2d 351 (1982) [5][6] And [7][8] See, D. Stevens V. D.C.C. 152 F. Supp. 2d 577 (2001) [16][17]. Appellant Cites Dennis Williams V. Frank Griswald 743 F.2d 1544 [13] It is well established that the Standards governing the sufficiency of habeas corpus Petitions are less stringent when the petition is drafted pro-se and without the aid of counsel. FN 23.

Wherefore Appellant states he never filed for Evidentiary hearing in this court, and hopes and pray that this court will order a Evidentiary hearing in accordance 28 U.S.C.A. § 2254 (b.c). and the Sixth Amendment.

Dated: April 2, 2007

Edward Gibbs pro-se,
Edward Gibbs
D.C.C. 1181 Paddock Rd.
Smyrna Del, 19977

Affidavit of mailing

State of Delaware
County of Newcastle

Be it remebered that on this 2nd day of April A.D. 2007, According to Law deposes and says that he forwarded a copy of: Evidentiary Hearing + Exhibits;

To: Depart of Justice
Carvel State off. bldg.
820 N. French St.
Wilmington Del, 19801

Clerk U.S. District Court
U.S. District Court
Lockbox 18 844 King St.
Wilmington Del, 19801

by united states mail with postage pre paid.

Dated: April 2, 2007

Edward Gibbs Pro-Se
Edward Gibbs
Del. Corr. Ctr.
1181 Paddock Rd.
Smyrna Del, 19977

Exhibit — 1

accepting or I am not pleading guilty to it, right.

Second of all, she hasn't even came to see me to discuss this case. You know what I am saying? So her representation, I am not even satisfied with that.

Another thing, Ms. Ryan got some transcripts from my bond review, right, and she is saying I can't get no copy of it. I don't know why I can't get a copy of it. I am saying the Rule 16 has been filed in this case and there was no mention of no transcripts.

Last week, I received a letter from Ms. Dunn talking about these transcripts. If she is going to bring them in to use against -- you know, what I am saying against me, I should be able to see them.

MS. RYAN: There was a transcript that I had done of remarks that Mr. Gibbs made during the course of his bond review when he was downstairs in the Court of Common Pleas at preliminary hearing. It is my thinking that the court reporter, both in the Court of Common Pleas and the Superior Court, that is part of how they make their money. When they do their transcript, I can't make a copy. If they want to get a copy, they can request a transcript themselves. I had to pay for it.

Exhibit 2

I wrote a letter to Ms. Dunn alerting her that I had this and she could come and review it at any time, but because of its being done by a court reporter, I couldn't just give her a copy of it. So she came over to my office and reviewed it. It is five pages long. If Mr. Gibbs wants to read it, he is welcome to read it, but I will not provide a copy of it.

THE COURT: All right. Do you have any response to Mr. Gibbs' concerns about representation?

MS. DUNN: Well, Your Honor, it is true that I believe I did tell him some time ago that I would come and talk to him about his case, and that could have been just before the major trial started which was concluded a couple weeks ago. But I will say that we have been in pretty constant communication through the mail.

Mr. Gibbs has been sending me information that he has researched in the law library there. He has very specific and strong feelings about what constitutes the crime of escape after conviction. I have sent him case law on the subject and we have discussed the case. It is a one-count case and escape

after conviction is the charge, and the allegation is not returning to the Work Release Center.

THE COURT: You are obviously -- hang on a second. You are obviously satisfied that you will be prepared, certainly, by next Thursday? That's his trial date.

MS. DUNN: I feel prepared to go to trial, Your Honor. I will say that Mr. Gibbs and I have approached this case differently as to the legal definition of escape after conviction.

THE COURT: All right.

MS. DUNN: I don't believe it has affected my representation, however.

THE DEFENDANT: Excuse me. One more issue, okay? She sent me this witness list, right, a few months ago, and I filled it out and sent it to her. She told me to send it to her ten days prior to my trial.

I send her my list. I have three witnesses on there that I want her to subpoena for me. She is saying she is not going to do it. So that is a conflict there.

THE COURT: Well, if we are still doing this

Exhibit-4

next Thursday, just be prepared to put on the record before we get started the efforts you have undertaken to prepare for the case, and you can respond to the fact that you are not subpoenaing these witnesses. It may be your strategic position that they have nothing to offer. It is whatever it is, and you answer that next week.

MS. RYAN: I think that Mr. Gibbs -- the issue that Ms. Dunn alluded to, the difference in their approach to this, is that I don't believe that Mr. Gibbs thinks that walking off of a violation of probation sentence for a previous conviction constitutes an escape after conviction. I think that is the fundamental difference or fundamental problem that he is having with this.

THE COURT: I sensed that.

THE DEFENDANT: No, that's not it. I have to show you, but we don't have to get into that.

THE COURT: We will see you next Thursday.

(Whereupon, proceedings in the above-entitled matter were concluded.)

Exhibit-5 - 3-8

this to Judge Graves on October 22nd. It was a conflict with us before my trial and it was never resolved. Before we went to trial, like I said on October 22nd, Judge Graves told us to come back the following week. We came back the following week. You was the trial judge. So this was never resolved. I had problems with her before in my trial. She never prepared my defense for me. We never discussed any defense, and you see what happened at trial. She wasn't even prepared to represent me at trial. I sent her a letter October 2nd explaining everything, asking her to come and see me so we could prepare my case for trial, and she never done neither.

THE COURT: Well, you were charged with escape after conviction.

THE DEFENDANT: Exactly. I was a probationer.

THE COURT: Escape after conviction, you know as the charges go, is not the most difficult case to show.

Do you have other things that you would like to say about your disagreement or your differences with Ms. Dunn?

THE DEFENDANT: Do I have other things to say?

THE COURT: Yes.

THE DEFENDANT: This is my motion.

THE COURT: Well, I want to hear it from you. If you have things you want to say about Ms. Dunn, say it now.

THE DEFENDANT: Okay. This is my motion to dismiss counsel. Carole Dunn, Paula Ryan, James Adkins, Judge Graves, and also you, Judge Stokes, conspired in this case to have me found guilty at trial by an all-white jury.

Carole Dunn discussed my defense and the case and the conflict with Paula Ryan, you know what I'm saying. That's lawyer-client confidentiality. She revealed information pertaining to my representation of consultation.

Carole Dunn never came to see me to discuss the defense or to prepare for trial. The Supreme Court held that the Sixth Amendment right to counsel attaches to the critical stages of a pre-trial proceeding. U.S. v. Wade.

Carole Dunn refused to subpoena witnesses

and present a defense for me. I sent her a letter, my Exhibit A, from 6-11 to 10-22. Ms. Dunn never came to see me. And my transcript -- see the transcript of October 22nd. Right? I sent her a letter, you know, like I said, asking her to come and see me, dated October 2nd. She never came to see me, you know. And right here, it's U.S. v. Wade, you know, critical stages, are the points in a criminal proceeding when an attorney's presence is necessary to secure a defendant's right to a fair trial.

I never had a fair trial. You know, she didn't present -- well, almost through the trial when she told me, "Oh, now I got it," meaning she know what I'm talking about. In my correspondence that was sent to her, she never took the time out to read it or nothing.

Judge Graves, he was to be the trial judge on 10-22-03. Me and Carole Dunn appeared before Judge Graves and I expressed that a conflict was between defendant and counsel. Judge Graves stated that he would look into the situation. Next week, in which, you know, like I said, when we came back, you was the judge.

The State introduced sentencing orders from 1988 in which I had already completed the sentence. I wasn't allowed to explain to the jury that conviction that I had from 1986 to 1991, was the conviction that I was serving, that I had served. I had a 15-year sentence and my conviction was served from 1986 to 1991. So how are they going to charge me with the escape after conviction? Escape after conviction is Smith v. State. It's 361 A.2d 327. He was serving a three-year sentence at Level 5. He went out on a 48-hour furlough and he never returned. That's an escape after conviction.

I was a probationer in a halfway house and Work Release facility. A Level 4 probationer. I sent Ms. Dunn this information. It was never presented during my trial. She never presented nothing that I sent her toward my defense.

The defendant will be filing the complaint against Judge Stokes, Judge Graves, Paula Ryan, James Adkins and Carole Dunn for violating defendant's -- for violating the Sixth and Fourteenth Amendment rights. Wherefore, defendant moves that the Honorable Court will dismiss counsel and let the

defendant proceed pro se.

Here is a copy of my letter, my exhibit that I sent to Ms. Dunn. It's dated 10-2-03. I am sending you the witness list, with Judge Stokes and Cindy Murray and David Phillips names. Also enclosed is a portion of some research that I've done on my case to prove this escape is a third degree.

I sent you a letter 9-26-03, and you still failed to respond to me. I'm asking you in a professional manner to please come see me before my case review, the 22nd. As you know, my trial is the 30th and Paula Ryan isn't offering me a plea and she's seeking the habitual. I'm going to close for now. I'll await your response.

I never got a response.

THE COURT: Is there anything else you would like to say, sir?

THE DEFENDANT: First, let me state for the record I filed a motion to dismiss counsel 12-1-03. I wasn't satisfied with her representation of my case on 10-22-03. I informed Judge Graves that it was a conflict between Ms. Dunn and me. I don't want her on my appeal. I'll be filing for an ineffective

assistance of counsel against her. The evidence presented at trial didn't prove the charge of escape after conviction.

Under Title 11, 301, you have to prove beyond a reasonable doubt each element of the offense. They want to use a status sheet from 12 to 14 years ago that I pled guilty to and charged, that I served a five-year sentence from 1988 to 1991 and was released to probation. Virgil Sudler was an inmate over in Work Release. He was serving a Level 5 sentence over in a Level 4 facility. He went on escape. The State allowed him to plead guilty to third-degree escape. They gave him 30 days Level 5.

Like I said, I was a probationer. Okay. He was serving a Level 5 sentence. Okay?

THE COURT: You have an escape third degree. With your background, you could do 30 days of (k).

THE DEFENDANT: Okay. Now, can I proceed? Okay. I was a probationer just as Greg Foreman. He had four escapes. He was charged with second-degree escape after conviction and he got six months at Level 5, released. Reese Reese He was charged with second-degree escape after conviction, picked up a charge July 4th.

Exhibit - 6

THE COURT: I am asking you a straight question, is there anything else you want to say about Ms. Dunn?

THE DEFENDANT: No, I'm not saying nothing.

THE COURT: Step aside just for a minute. Now, Ms. Dunn, he has made some serious accusations about you.

MS. DUNN: Yes, he has, Your Honor.

THE COURT: Can you respond to them, please?

MS. DUNN: Well, Your Honor, this is a sentencing hearing. Is this an appropriate forum?

THE COURT: You had better believe it is appropriate.

MS. DUNN: I have a list, Your Honor, of the meetings and the work that I've done on this case. I can tell the Court that Mr. Gibbs had an initial intake interview not with me, but with our investigator back in June. He waived his preliminary hearing on the 18th, and during which he spoke to Mr. Moore of our office about his case. He received a client letter that I normally send out to the new clients, on June 19th. Actually, that was sent on June 23rd. Excuse me.

I received my first letter from him on June 30th. I responded to his June 19th letter, enclosing the escape after conviction statute which explains the elements of that statute, that offense. I included in there the entire habitual offender statute, noticing, as I reviewed his record, that that might be a possibility down the line in this case. I sent that out on July 2nd of this past year.

I then received two letters from him, one dated July 9, and one dated July 16. I had a video meeting with him from my office. He was at SCI on July 24. That's ~~Meeting No. 1~~. I had another letter from him dated that same day. I responded to three prior letters the following day, July 25. I responded to his letters of June 30, July 9, and July 16. These letters and my video meeting questions -- I was following up on. I sent him information. I sent him a copy of our Rule 16 discovery requests. I sent him a copy of the Smith and the Flamer cases. I sent him a copy on that date, July 25th, of the witness form to request that he send back to me any names that he wants subpoenaed as witnesses.

Exhibit - M

Because it is my practice -- I don't speak for all attorneys, but I need to know what those witnesses are going to say. So I prefer to have those witnesses interviewed by an investigator of my office and not talk directly to those witnesses, since I don't want to involve myself in that process.

THE COURT: That is a recognized technique. Because if a lawyer speaks to a witness and it is just a lawyer and a witness, if it is going to be a contradiction on what the witness stated, then a lawyer would have to become a witness and not an advocate. So it is recognized among trial lawyers that it is desirable to have a third party take witness statements, and that has been well recognized for a long time.

MS. DUNN: And I'll continue, Your Honor. On July 31st I received a letter request from Mr. Gibbs for a bill of particulars. I also received a letter on August 13th requesting that we put in a motion to dismiss. We had case review on September 2nd and I met with him on that date in Superior Court. That's a meeting, Personal [redacted] or a face-to-face meeting.

BOND REVIEW Exhibit - 1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

THE STATE OF DELAWARE : WAIVER OF PRELIMINARY HEARING

WAIVER OF INDICTMENT

vs.

Ed Gibbs. : I.D.#

The above-named defendant, being advised of the nature of the charge or charges and knowing his rights, hereby waives, in open court and/or by written pleading, the preliminary hearing and prosecution by indictment; and consents that the proceeding may be by information instead of indictment. In addition to Rule 16 discovery, the state shall provide copies of the police reports to the defense.

Edward Gibbs
DEFENDANT

[signature]
COUNSEL FOR DEFENDANT

DATE: 6-14-03

oc: Prothonotary
cc: Department of Justice
Attorney
Defendant

Can't we dispose of this case with on Escape 3rd and 30 days 4204 K ?

Exhibit - 2

misdemeanor escape, and my July 25, 2003 letter to him confirms that fact. (Exhibit 5). Unfortunately, we were unable throughout the pendency of this case and negotiations with the prosecutor, which continued through the final case review, to achieve that result. Defendant never received a plea offer to anything less than Escape After Conviction.

Affiant asserts that the only "meaningful defense at trial" to defendant would have been a defense composed of "information" he sent to me asserting that the facts of his case and case law proved that he could be charged with and convicted of no more than Escape in the third degree. Defendant's legal interpretations and arguments for defense are contained in a mailing which I received on October 8, 2003, appended as Exhibit 18 hereto.

As mentioned earlier, after my research into the case law, and after seeking clarifications from the prosecutor's office as regards their policies affecting their charging under the escape law, I simply could find no legal support for defendant's interpretation; and, therefore, could not ethically advance a defense at trial known to be contrary to prevailing Delaware law, involving legal assertions that could not be made in the jury's presence, and proposing legal theories that the trial Judge had previously ruled (at pre-trial argument on motion to dismiss) were unsustainable and precluded under Delaware law.

Although I seriously considered and researched the interpretation and issues suggested by defendant as regards his defense, affiant states that her legal conclusion that such a defense was untenable was based on objective evaluation as regards the legal merit of the proposed argument. That conclusion, however, does not mean that adversarial testing of the State's case was not zealously pursued, or that advocacy on behalf of defendant at trial was deficient.

The October 30, 2003 trial transcript can be consulted for the cross examination which took place of all the State's witnesses, objections that were made by affiant during the trial and motions



I/M Edward Gibbs
SBI# 148876 UNIT
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977
USA 39
USA 39
UNITED STATES POSTAGE
PITNEY BOWES
$ 00.33
02 1P
0002386401 APR 03 2007
U.S.M.S
X-RAY
Legal mail
Clerk U.S. District court
U.S. District court
Lock box 18 844 King st
Wilmington Del,
19801