IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Edward Gibbs pro-se,  
Appellant,  

v.  

Warden Thomas Carrol  
Appellee,  

Civ. Act. No. 07-36-JJF

FILED  
MAY 17 2007  
U.S. DISTRICT COURT  
DISTRICT OF DELAWARE

Motion For Appointment of Counsel

Comes now, the appellant, Edward Gibbs pro-se, and moves this Honorable Court for Appointment of Counsel.

In support of this motion Appellant states that the following is true and correct:

1. The Appellant is currently Housed in a Maximum Housing unit See Exhibit (1) a letter from Counselor Schrader to Appellant. Appellant don't have the opportunity to walk to the Law Library. Appellant have to send a request to the Law Library in order to receive legal cases or any type legal work, Appellant has to be handcuffed when leaving out of cell. See Exhibit (1)(1)

2. Appellant is unable to employ counsel, Appellant has been incarcerated since June 2003 and is indigent, no job no source of income other than family sending $20.00 here and there.

3. The allegations in Appellant Habeas Corpus are not frivolous but are meritorious and complex, Appellant has never filed a motion past Supreme Court and Appellant lacks experience necessary to present his case and that he need an attorney to assist him with research, Appellant quit school in the 10th grade don't have a high school diploma or G.E.D. Appellant was tried by a all white Jury 10-30-2003 See Exhibit 2(1) Transcript Ps.17 Counsel (Dunn), Dunn filed a motion for new trial that was denied by Trial Judge Stokes, Appellant also raised issues on Direct Appeal that was denied by Supreme Court.

4. Appellant was found guilty at trial and sentenced as a Habitual Criminal under 11§4214(a); before Appellants trial counsel (Dunn) tried to get defendant to waive his Jury trial See Exhibit 1. Appellant filed a motion to Dismiss Counsel See Exhibit 2. transcripts Appellant's Sentencing 12-19-2003 Judge made counsel standby, Appellant did want counsel on appeal but counsel refused to assist Appellant, See Crosby V. State Del. Supr. 824 A2d 914,15,16,17 the Appendix that's what counsel refused to do for Appellant... Appellant know with the right assistance from counsel that his case will be remanded, Appellant was denied Equal protection the only case in Delaware History to receive 20 yrs for Escape from work release. Under 11§4201(c) Escape After Conviction is classified as a Violent felonie, See 11§4391 Definitions (1) "Crime of Violence" shall mean any crime which involves the use or threat of physical force or violence against any individual. Appellant states counsel could explain this complex law to Appellant, counsel Dunn was Court friendly.--

5. Appellant understand some English and states that his ability to prove his claims is limited due to his lack of knowledge in Law. Appellant will have to show how counsel prejudice his case also Appellant want to challenge the Habitual and being tried by all white jury which is more complex and research.

Wherefore, Appellant prays this Honorable Court will Appoint Counsel in respect of 28 U.S.C.A. §1915(d) Also Tabron V. Lt. Grace 6F3d 147 (1993) Fed. Civil Procedure 170A ← 2734 wherefore the best interest of justice will be served.

Dated: 5-15-2007

Edward Gibbs
Edward Gibbs Pro-se,
D.C.C. 1181 Paddock Rd.
Smyrna Del, 19977

Affidavit of mailing

State of Delaware
County of Newcastle

Be it remebered that on this 15th day of May A.D. 2007, According to Law deposes and Says that he forwarded a copy of: motion for Appointment of Counsel:

To: Clerk U.S. District court
844 King St. Lock box 18
Wilm. Del, 19801

To: James T. Wakley
Department of Justice
820 N. French St.
Wilmington Del,
19801

by United States mail with Postage prepaid.

Edward Gibbs Pro-se,
*Edward Gibbs*
Del. corr. ctr.
1181 Paddock Rd.
Smyrna Del, 19977

Date: 5-15-2007

Exhibit 1



# Office of Treatment Services
## Maximum Housing Unit - Medium High Unit
**Delaware Correctional Center**
**Smyrna, Delaware 19977**

To:    Edward Gibbs   # 148876
       21     B     U     11

From: Counselor Schrader
        MHU 21 Counselor

Date: May 9, 2007

---

I have received your letter through in-house mail. As we discussed previously if you went write up free for 90 days I would attempt to get you back into the Greentree program. I have reviewed your write up history and you have held up your part so I will put you on the list to be classified either this month or next month and do what I can get to you to the program. If you have any other questions please let me know.

Thank you for your patience.

Cc:    File

RECEIVED
MAY 01 2007
MHU Law Library

GENERAL REQUEST FORM        BLD. # MHU 21
                            Cell # B-D-11

This request should be used to request general information, case law and/or photocopies from the Law Library. Case Law is issued from the Law Library on a 5 for 5 basis. Photocopy requests will be honored for Legal items only. Any items deemed non-legal will need to be forwarded to the Business Office along with a Pay-To for .25 per page.

Counsel
1) Williams v. State 829 A2d 936 (Del Supr 2003)
2) Butson v. State 894 A2d 758 (Del Supr. 2006)
3) Chargualaf v. Camacho 2007 WL 789887 4 (D. Guam 3/12/2007) (No. Civ 05-00014) HN:3 (F3d)
4) Davenport v. Diguilielmo 2007 WL 412422 5+ (3rd Cir. (Pa) 2/7/2007) No. 05-2442) HN: 6,8,13 (S.Ct.)
5) Gamble v. U.S. 901 A2d 159

Name: Edward Gibbs    S.B.I. 143878    Date: 4-30-2007

Date Received: 5/01/07        Pay-to Log # _____
Date Sent      5/04/07        Staff Initials: MSY
Staff Notes: Sent (5) Cases

present?

        MR. DUNN:  Yes, Your Honor.

        THE COURT:  You may do so.

        MR. DUNN:  Your Honor, before I do that motion, I just wanted to put on the record my observations that in the jury pool and in the members that were selected, I noticed there weren't any minority members.  I just wanted to note for the record that the minority, African-American population in Sussex County is 14.9 or close to 15 percent.  So I mention that for the record.

        THE COURT:  Does the State care to say anything about that?

        MS. RYAN:  Your Honor, I really can't say anything other than to confirm Ms. Dunn's observation of the panel, that there didn't appear to be any on the panel.

        THE COURT:  The panel is selected in accordance with the statute.  Your objection is noted.  Do you have a motion?

        MR. DUNN:  I do, Your Honor.  Our motion is to dismiss this case against Mr. Gibbs.  The grounds are as I will state:  It's Mr. Gibbs's strong feeling

        DAVID WASHINGTON
        Official Court Reporter

```
To:        Carole Jean Dunn@Sussex@Pub_Defender
From:      Paula Ryan@Sussex@Justice
Certify:   N
Priority:  Normal
Subject:   Edward Gibbs
Date:      Friday, October 24, 2003 at 2:23:33 pm EDT
Attached:  None
```

I talked with Jim, and he agrees that our H.O. policy prohibits any offer of a plea on Escape 2nd. I have a suggestion, however. Perhaps Mr. Gibbs would like to waive jury, and have a bench trial. At least then he'd get to bring up what are essentially legal arguments (and therefore wouldn't be able to be presented in front of the jury), and get to say his piece to the judge, and we could just argue about it. You should know that I would definitely be objecting to any reference to the concept of Escape in the 2nd Degree in front of the jury, because the beef that he has is legal, not factual. Let me know what you think of this alternative.



Exhibit A

28

1  that, but I'm saying the books that we read out of
2  the law library, I'm quite sure you all read from the
3  same books, and she do, too. She did send me cases,
4  you know. She sent me this Smith case, you know. I
5  was basically confused about escape after conviction
6  until I got that, and I read that. I read it over
7  and over. And then I'm like, okay, so I wasn't
8  convicted of nothing.

    THE COURT: Well, your understanding of the law, and the law as it is, may not be the same.

    THE DEFENDANT: Okay.

    THE COURT: Now, do you understand that Ms. Dunn will act as the standby counsel today, if I approve your request, and that she will help effect the appeal within 30 days from today's proceedings?

    THE DEFENDANT: Excuse me?

    THE COURT: She will help appeal the case to the Supreme Court in 30 days from today. Do you understand that? Or do you want to just try to do it yourself that way, too?

    THE DEFENDANT: I'd rather just do it myself.

    THE COURT: Then just have Ms. Dunn be

KATHY S. PURNELL
OFFICIAL COURT REPORTER

EXHIBIT (2)

1  standby counsel today.  If you want Ms. Dunn's
2  assistance after today, direct appeal, the appeal
3  must be filed within 30 days.
4      THE DEFENDANT:  I know that.
5      THE COURT:  It is up to you to get with Ms.
6  Dunn.  If there are procedural problems, any
7  paperwork that is not done properly because you are
8  not a lawyer, it is on you; you lose, is what I am
9  trying to say.
10     THE DEFENDANT:  I know.  But I done appeals
11 before to the Supreme Court.
12     THE COURT:  Yes, you have.  That was on a
13 violation of probation with Judge Lee.  You did a
14 violation procedure.  Mr. Callaway, your defense
15 lawyer, was not there, so you did a piece of it
16 yourself, up to the Supreme Court and said the lawyer
17 should be present.
18     THE DEFENDANT:  Right.
19     THE COURT:  All right.  That is just part of
20 the record in this case, insofar as the presentence
21 report and the criminal background.
22     Also, with respect to the violation of
23 probation proceeding today, it is your desire to do

KATHY S. PURNELL
OFFICIAL COURT REPORTER

EXHIBIT (2)

I/M Edward Gibbs
SBI# 148876    UNIT E-N-U 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Clerk U.S. District Court
844 King St. Lockbox 18
Wilmington
Del. 19801