IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD GIBBS, JR., :
:
    Petitioner, :
:
v. : Civ. No. 07-36-JJF
:
THOMAS L. CARROLL, :
Warden, and ATTORNEY :
GENERAL OF THE STATE :
OF DELAWARE, :
:
    Respondents. :

**O R D E R**

At Wilmington this 23 day of July, 2007;

IT IS ORDERED that:

Petitioner Edward Gibbs, Jr.'s second Motion For The Appointment Of Counsel is **DENIED** without prejudice to renew. (D.I. 21.)

Petitioner has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but

arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

    Here, Petitioner seeks representation by counsel because he is incarcerated with limited access to the law library, he is unskilled in the law, he did not graduate high school, and his habeas proceeding involves complex issues. After reviewing the pleadings in this case, the Court concludes that the "interests of justice" do not require the appointment of counsel representation by counsel at this time. Admittedly, incarceration does limit Petitioner's ability to investigate the facts and law of his case. Nevertheless, he does, in fact, have access to the prison law library. Further, the Court does not believe that this case is, at present, so factually or legally complex that it requires the appointment of counsel. Petitioner's claims appear to be fairly "straightforward and capable of resolution on the record," and Petitioner appears to have a sufficient understanding of these issues to coherently present his case. Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of

the petition will depend upon credibility determinations.

_____
UNITED STATES DISTRICT JUDGE