IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD GIBBS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 07-36-JJF |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

———————————————————————————————

Edward Gibbs.  Pro se Petitioner.

James T. Wakley, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for
Respondents.

———————————————————————————————

**MEMORANDUM OPINION**

May ___, 2008
Wilmington, Delaware

Farnan, District Judge

Petitioner Edward Gibbs' ("Petitioner") Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") is pending before the Court.  (D.I. 1.)  For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In March 2003, Petitioner arrived at the Sussex Work Release Center ("SWRC") in Georgetown, Delaware, to begin serving the Level IV work release portion of a sentence imposed for a violation of probation.  Following a one-week orientation program, Petitioner obtained employment at a chicken house in Laurel, Delaware, and then at the Sussex Pines Country Club in Georgetown, Delaware.  On May 25, 2003, Petitioner did not return to the SWRC from his job at the country club, and a warrant was issued for his arrest.  Petitioner was apprehended on June 11, 2003 in Georgetown, and charged with violating the terms of his probation.  Gibbs v. State, 872 A.2d 959 (Table), 2005 WL 535011, at **1 (Del. Feb. 4, 2005).

A violation of probation hearing was held on July 18, 2003. Petitioner was charged with escape after conviction, and a jury trial was scheduled for October 2003.  During the jury trial, Petitioner testified that he had not made any effort to contact the SWRC between May 25, 2003, the date he failed to return to

1

the facility, and June 11, 2003, the date on which he was apprehended.  The jury convicted Petitioner of escape after conviction.  Id.

During sentencing, Petitioner moved to dismiss his trial counsel.  After a thorough colloquy, the Superior Court permitted Petitioner to proceed pro se for the remainder of the proceeding, and directed his trial counsel to serve as standby counsel. Gibbs, 2005 WL 535011, at *1.  The Superior Court judge then denied a motion for new trial previously filed by defense counsel, which alleged that Petitioner was deprived of his "Constitutional right to a 'jury pool which represented a fair cross section of the community.'" (D.I. 31, State's Motion to Affirm in Gibbs v. State, No.612, 2003, at Exh. E, p.2)  The Superior Court also considered the violation of probation charge corresponding with the escape after conviction charge, found Petitioner guilty of violating his probation, and sentenced him to one year and nine months in prison, suspended for two years of probation.  For the escape conviction, the Superior Court sentenced Petitioner as an habitual offender to twenty years in prison with credit for time served, to be followed by six months at Level IV work release.   Gibbs, 2005 WL 535011, at ¶¶ 7-9. Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentences.  Id.

In August 2005, Petitioner filed a motion for post-

2

conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting: (1) the Superior Court lacked jurisdiction to try his case; (2) the Superior Court failed to inquire into Petitioner's conflict with defense counsel; (3) fourteen claims of ineffective assistance of counsel; and (4) fourteen various other claims. State v. Gibbs, 2006 WL 1149161 (Del. Super. Ct. Mar. 29, 2006). The Superior Court denied the fourteen ineffective assistance of counsel claims and the claim asserting lack of jurisdiction as meritless, and the remaining fifteen claims as procedurally barred. Id. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment. Gibbs v. State, 918 A.2d 338 (Table), 2006 WL 3455097 (Del. Jan. 5, 2007).

In October 2005, while his Rule 61 motion was pending in the Superior Court, Petitioner filed an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254. See Gibbs v. Carroll, 2006 WL 956655 (D. Del. April 12, 2006). The Court denied that Application without prejudice for failure to exhaust state remedies. Id. Petitioner filed the instant Petition on January 18, 2007, approximately two weeks after the Delaware Supreme Court issued a decision in his post-conviction appeal. The State filed an Answer, and then supplemented the record as directed by the Court. The Petition is now ready for review.

3

## II. **STANDARD OF REVIEW**

If a petitioner presents a federal district court with a federal habeas claim that the state's highest court adjudicated on the merits, then the district court must review the habeas claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision is an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). Additionally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

4

## III.   DISCUSSION

Petitioner asserts the following claims:[1]   (1) defense counsel provided ineffective assistance during Petitioner's trial; (2) the Superior Court judge(s) did not adequately investigate the conflict between Petitioner and defense counsel; (3) the Delaware Supreme Court erred by not considering Petitioner's claims of ineffective assistance of counsel on direct appeal; and (4) the Superior Court lacked jurisdiction over Petitioner's trial because Petitioner was not prosecuted by grand jury indictment and his waiver of a preliminary hearing was invalid.   (D.I. 3.)

### A. Claim One: Ineffective Assistance Of Counsel

In Claim One, Petitioner contends that counsel provided ineffective assistance by: (1) failing to challenge the propriety of the escape after conviction charge due to the fact that Petitioner was not an inmate when he escaped, but rather, he was on probation or work release; and (2) failing to call the three witnesses Petitioner requested to testify during his trial.   The Superior Court denied these arguments as meritless, and the Delaware Supreme Court affirmed that decision.   Therefore, the Court must determine if the Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly

---

[1]The Court has re-numbered Petitioner's claims without altering the arguments asserted therein.

5

established Federal law.

The clearly established Federal law governing ineffective assistance of counsel claims is the two-pronged standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Under the first Strickland prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. Under the second Strickland prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. at 688. In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. See Wells v. Petsock, 941 F.2d 253, 259-260 (3d Cir. 1991); Dooley v. Petsock, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." Strickland, 466 U.S. at 689.

Here, the Delaware Supreme Court's decision is not contrary to clearly established Federal law because the State Supreme

Court analyzed Claim One within the framework provided by
Strickland.  Williams, 529 U.S. at 406 ("[A] run-of-the-mill
state-court decision applying the correct legal rule from
[Supreme Court] cases to the facts of a prisoner's case [does]
not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").
The Court's inquiry under § 2254(d)(1) is not over, however,
because the Court must next determine whether the Delaware
Supreme Court unreasonably applied Strickland in denying
Petitioner's ineffective assistance of counsel claim.  Under this
prong, habeas relief will only be warranted if the Delaware
Supreme Court's application of Strickland "resulted in an outcome
that cannot reasonably be justified under existing Supreme Court
precedent."  Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

       The Delaware Supreme Court interpreted clearly settled
Delaware law and held that Petitioner was properly charged with
escape after conviction even though he was a probationer at the
time of his escape.²  See Gibbs, 2005 WL 535011, at *2.  The

---

²Pursuant to Del. Code Ann. tit. 11, § 1253:

  A person shall be guilty of escape after conviction if such
  person, after entering a plea of guilty or having been
  convicted by the court, escapes from a detention facility or
  other place having custody of such person or from the
  custody of the Department of Health and Social Services or
  the Department of Correction.

In turn, as a matter of Delaware law, an inmate on pass from a
work release facility continues to be in the custody of the
Department of Correction and can be penalized for escape.  See
Del. Code Ann., tit. 11, § 6533(b); Gaskill v. State, 138 A.2d

Court is bound to accept the Delaware Supreme Court's

interpretation of Delaware law and its holding that Petitioner's

status as a probationer did not affect his ability to be charged

with, and convicted of, escape after conviction.   Bradshaw v.

Richey, 546 U.S. 74, 76 (2005)(citing Estelle v. McGuire, 502

U.S. 62, 67-8 (1991)).   Given the well-settled principle that an

attorney does not provide ineffective assistance by failing to

raise meritless arguments,[3] the Court concludes that the Delaware

Supreme Court did not unreasonably apply Strickland in denying

this portion of Claim Two.

    As for Petitioner's claim that counsel was ineffective for

not calling the witnesses he requested, the Court notes that the

Petition does not identify any witnesses by name.   However, the

filings contained in the state court record and Petitioner's

subsequent filings in this proceeding indicate that Petitioner is

criticizing counsel's failure to call the following three

witnesses:  Cindy Murray, a probation officer; David Phillips, a

Sussex Work Release Center ("SWRC") employee on duty the day

Petitioner failed to return from work-pass; and Judge Richard

Stokes, the judge who presided over Petitioner's criminal trial.

(D.I. 31, "Aff. of Carole J. Dunn, Esq. In Answer To

---

500 (Del. Super. Ct. 1958).

    [3]See United States v. Sanders, 165 F.3d 248, 253 (3d Cir.
1999).

[Petitioner's] Rule 61 Motion", at p. 6 & Exh. 11.)  The Court acknowledges its duty to liberally construe <u>pro</u> <u>se</u> filings. Therefore, the Court will review this portion of Claim One as though it lists these specific witnesses.[4]

The record reveals that both the State and defense counsel subpoenaed the SWRC employee.  The SWRC employee testified at trial on behalf of the State, and defense counsel cross-examined him.  Consequently, although counsel may not have technically "called" the SWRC employee to testify on his behalf, Petitioner's instant challenge fails because he cannot establish the requisite prejudice under <u>Strickland</u>.

The record also reveals that defense counsel subpoenaed the probation officer.  According to counsel's Rule 61 affidavit, the probation officer appeared in Superior Court on the morning of Petitioner's trial and informed counsel that she knew nothing about Petitioner's case other than writing an administrative warrant.  As a result, counsel released the probation officer

---

[4]Petitioner also did not identify any specific witnesses in his original Rule 61 motion.  The Superior Court denied the claim for vagueness, and also denied the claim because Petitioner failed to demonstrate how counsel's failure to subpoena witnesses he wanted constituted prejudice.  The Delaware Supreme Court affirmed that decision, specifically holding that "the record supports the Superior Court's findings that [Petitioner's] counsel's performance was reasonable and/or that [Petitioner] did not demonstrate that alleged error on the part of his counsel was prejudicial to his case."  <u>Gibbs</u>, 2006 WL 3455097, at *2.  Here, having construed Petitioner's complaint as identifying three witnesses, the Court will not address the Superior Court's alternative denial of the claim for vagueness.

from testifying because the officer's testimony could not help Petitioner's case. Once again, although counsel did not call the probation officer to testify, Petitioner cannot demonstrate the requisite Strickland prejudice stemming from this decision.

Furthermore, counsel's Rule 61 affidavit explains that the questions suggested by Petitioner for both witnesses would have elicited testimony that Petitioner was, in fact, "in custody," an element of the crime for the State to prove. Counsel also believed the questions would have touched upon subjects either prejudicial to Petitioner, irrelevant to the charge for which Petitioner was standing trial, or purely legal issues not to be raised before the jury as instructed by the Superior Court judge. (D.I. 31, "Aff. of Carole J. Dunn, Esq. In Answer To [Petitioner's] Rule 61 Motion", at p. 6.) After reviewing Petitioner's filings in this proceeding, the Court concludes that Petitioner has not provided any evidence to rebut the Strickland presumption that trial counsel's actions with respect to these two witnesses constituted sound trial strategy.

As for Petitioner's complaint about counsel's refusal to subpoena Judge Stokes, Petitioner does not indicate what the judge would have testified about or even that the judge would have been willing to testify.[5] Therefore, the Court concludes

---

[5]In fact, during Petitioner's Rule 61 proceeding, Judge Stokes explained that

> I learned [Petitioner] put me on his witness list at the

10

that Petitioner has failed to establish prejudice stemming from counsel's action. Accordingly, the Court will deny Claim One in its entirety.

## B. Claim Two: Inadequate Investigation Into Conflict of Interest

In Claim Two, Petitioner contends that Judge Bradley inadequately investigated his conflict of interest with defense counsel prior to trial, and therefore deprived Petitioner of his Sixth Amendment right to the effective assistance of counsel. Although not entirely clear, Petitioner's "conflict" appears to be that counsel did not subpoena the witnesses Petitioner listed on the witness list, and also that counsel and Petitioner differed in their interpretation of the legal definition for "escape after conviction." (D.I. 32, at Exh. 3.) In turn, Petitioner's allegation regarding the Superior Court's alleged "inadequate investigation" into this conflict appears to stem from the fact that Petitioner informed Judge Bradley about the conflict during the final case review on October 22, 2003, but Judge Bradley did not re-visit the issue on the day of

_____

time of [Petitioner's] sentencing on December 19, 2003. I also learned, upon reviewing [defense counsel's] affidavit submitted in connection with this matter, that [defense counsel] refused to subpoena me. There was no basis for subpoenaing me. [Petitioner] cannot attempt to create a conflict with a judge by putting his or her name on a witness list.

Gibbs, 2006 WL 1149161, at *1.

Petitioner's trial as the judge stated he would.[6]

The Sixth Amendment guarantees a criminal defendant "the right to adequate representation by an attorney of reasonable competence and the right to the attorney's undivided loyalty free of conflict of interest." United States v. Gambino, 864 F.2d 1064, 1069 (3d Cir. 1988). To prevail on a Sixth Amendment claim based on a conflict of interest, the petitioner "must establish that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). An actual conflict of interest arises when "trial counsel's interests and the defendants' interests diverge[] with respect to a material factual or legal issue or to a course of action." Government of Virgin Islands v. Zepp, 748 F.2d 125, 135 (3d Cir. 1984).

Although typical conflict of interest cases arise in the context of an attorney's representation of multiple clients, the Third Circuit has held that conflicts of interest can arise in other cases, such as when counsel's personal interests are "'inconsistent, diverse, or otherwise discordant' with those of his client and [those interests] affected the exercise of his professional judgment on behalf of his client."[7] Id.; see also

---

[6]The record reveals that Judge Stokes presided over Petitioner's trial.

[7]The seminal Supreme Court case involving actual conflicts of interest is Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).

United States v. Gambino, 864 F.2d 1064, 1070 (3d Cir. 1988).   A

petitioner establishes an actual conflict of interest by

"demonstrat[ing] that some plausible defense strategy or tactic

might have been pursued . . . [and] that the alternative defense

was inherently in conflict with or not undertaken due to the

attorney's other loyalties or interests."   Gambino, 864 F.2d at

1070.   A Sixth Amendment conflict of interest claim is usually

treated as a special type of ineffective assistance of counsel

claim because the attorney's assistance will be presumed to have

been prejudicially ineffective if the attorney actively

represented conflicted interests that adversely affected his

performance.   See Cuyler, 446 U.S. at 350.

Additionally, pursuant to Holloway v. Arkansas[8] and Cuyler

_____

Sullivan and subsequent Supreme Court jurisprudence regarding
actual conflicts of interest arose in the context of an
attorney's representation of multiple clients, where "the
conflict exists between the interests of one defendant and the
interests of other defendant's served by the same attorney."
Zepp, 748 F.2d at135.  Recently, in Mickens v. Taylor, 535 U.S.
162 (2002), the Supreme Court questioned the applicability of
Sullivan to conflicts arising outside the context of multiple
representation, and opined that it remains an open question
whether Sullivan should be extended to other kinds of conflict of
interest cases.  Id. at 175-76.  However, in its 1983 Zepp
decision, the Third Circuit expressly extended Sullivan to
conflict of interest cases other than those arising in the
multiple representation context.  Zepp, 748 F.2d at 135.  The
Third Circuit has not addressed the effect of Mickens on its
holding in Zepp.  Therefore, the court assumes that Zepp's
extension of Sullivan's doctrine regarding actual conflicts of
interest applies in Petitioner's case.

[8]435 U.S. 475 (1978).

13

v. Sullivan,[9] there are two situations triggering a trial judge's duty to conduct a threshold inquiry into an allegation concerning the existence of an actual and disqualifying conflict of interest: first, when an objection is made to an attorney's multiple representation, or second, in other "special circumstances." Presuming, without deciding, that the instant situation falls in the "special circumstances" category, the relevant issue is whether Judge Bradley, and later on, Judge Stokes, sufficiently inquired "into the nature of the conflict and the client's awareness of the conflict" in refraining from disqualifying defense counsel.[10] Government of Virgin Islands v. Zepp, 748 F.2d 125, 135, 139 (3d Cir. 1984). As noted by the Supreme Court, when performing this threshold inquiry, courts must keep in mind the principle that "defense counsel is in the best position to determine if a conflict exists." Mickens, 535 U.S. at 167-68.

As an initial matter, the Court notes that the allegation contained in Claim Two regarding counsel's failure to subpoena certain witnesses duplicates a portion of the ineffective

---

[9] 446 U.S. 335 (1980).

[10] The Court turns to the Third Circuit's decision in Zepp, 748 F.2d at 135, for guidance in determining the steps necessary to satisfy this threshold duty because the Supreme Court has not articulated a definitive measure for performing this inquiry. See Riley v. Carroll, 2007 WL 1795883, at *7 (D. Del. June 19, 2007).

14

assistance of counsel allegations contained in Claim One.  An attorney's decision to call or subpoena witnesses is a matter of trial strategy to be analyzed under Strickland.  See e.g. Henderson v. DiGuglielmo, 138 Fed. Appx. 463, 469 (3d Cir. 2005)(non-precedential);  U.S. v. Caden, 2007 WL 4372819 (E.D. Pa. Dec. 12, 2007).  As previously explained, the Court has rejected Petitioner's claim that counsel's failure to call three witnesses to testify constituted ineffective assistance. Therefore, the Court will not re-visit Petitioner's complaint about counsel's failure to call the witnesses asserted in the instant Claim.

As for Petitioner's contention that Judge Bradley failed to adequately investigate the conflict between Petitioner and defense counsel, the Court concludes that this claim does not warrant habeas relief.  Petitioner believed that he could be charged with, and convicted of, no more than escape in the third degree.  After researching the caselaw and seeking clarification from the prosecutor's office regarding the charges against Petitioner, defense counsel concluded that Petitioner's position was not supported by Delaware law.  Consequently, she refused to advance an argument based on Petitioner's incorrect understanding of Delaware law.

During the final case review on October 22, 2003, Petitioner explained his dissatisfaction with counsel's failure to interpret

15

the law regarding escape after conviction in a manner similar to
Petitioner's position. Judge Bradley asked counsel if she would
be ready by the day of the trial, and counsel stated, "I feel
prepared to go to trial . . . I will say that [Petitioner] and I
have approached this case differently as to the legal definition
of escape after conviction . . . I don't believe it has affected
my representation, however." (D.I. 24, Exh. 1, at p.5.) Judge
Bradley then stated that counsel should be prepared to answer
Petitioner's complaints on the day of trial. However, Judge
Stokes was assigned to the case and presided over Petitioner's
trial. Therefore, Judge Bradley did not re-new his inquiry into
Petitioner's complaints.

The Supreme Court has opined that a court performing the
threshold inquiry into a conflict claim must keep in mind the
principle that "defense counsel is in the best position to
determine if a conflict exists." Mickens, 535 U.S. at 167-68.
Given counsel's response that she was prepared to go to trial and
her assessment of the situation as a difference in opinion over a
legal interpretation, the Court concludes that Judge Bradley's
factual inquiry during the final case review satisfied his
threshold duty of inquiry such that no further inquiry was
required on the day of trial.

Additionally, although not entirely clear, Petitioner
appears to contend that Judge Stokes failed to adequately inquire

16

into the "conflict" during the sentencing hearing.  See (D.I.
32.)  The record belies this assertion.  Petitioner filed a
motion to dismiss counsel after his jury trial but prior to
sentencing, based in large part on counsel's refusal during trial
to advance Petitioner's argument that he could not be charged
with escape after conviction.  Judge Stokes considered the motion
to dismiss during Petitioner's sentencing hearing.  He listened
to Petitioner and counsel explain their positions, and determined
that there was no threshold basis for believing that Petitioner
received ineffective assistance of counsel.  However, after
conducting a thorough colloquy into Petitioner's wish to
represent himself, Judge Stokes granted Petitioner's request and
appointed counsel to act in a standby capacity during the
sentencing proceeding.  Judge Stokes then proceeded with the
sentencing hearing.

Based on this record, the Court concludes that Judge Stokes
satisfied his threshold duty of inquiry into Petitioner's alleged
"conflict" with counsel.  There is no indication that counsel's
refusal to advance Petitioner's argument stemmed from counsel's
attempt to serve a competing interest or from a personal interest
on counsel's part.  Rather, counsel refused to advance an
argument that had no basis in Delaware law.[11]  Accordingly, the

---

[11]This conclusion is further supported by defense counsel's
Rule 61 affidavit, in which she thoroughly explains how
Petitioner persistently disagreed with her interpretation of the

Court will deny Petitioner's second claim.

## C. Claim Three: Delaware Supreme Court Did Not Consider Ineffective Assistance Of Counsel Issue On Direct Appeal

The "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceedings does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)(emphasis added). Moreover, a district court engaging in federal habeas review is required to accept a state court's interpretation of state law. See Bradshaw v. Richey, 126 S.Ct. 602, 604 (2005). Thus, claims asserting a violation of a state law, or challenging a state court's interpretation of state law, do not present cognizable issues for the purpose of federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991); Smith v. Phillips, 455 U.S. 209, 211 (1982); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975); Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997).

Petitioner's third claim asserts that the Delaware Supreme Court erroneously refused to consider the allegations of ineffective assistance of counsel Petitioner presented during his direct appeal. However, in Delaware, claims alleging ineffective

---

applicable Delaware law, but also states that their "disagreement" did not affect the quality of her representation. See (D.I. 41.)

assistance of counsel may not be considered by the Delaware Supreme Court on direct appeal; rather, ineffective assistance of counsel claims must be presented to the Superior Court via a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61, and then presented to the Delaware Supreme Court on post-conviction appeal. See, e.g., Wright v. State, 513 A.2d 1310, 1315 (Del. 1986). Accordingly, Petitioner's claim that the Delaware Supreme Court improperly applied Delaware law by refusing to consider his ineffective assistance of counsel claims during his direct appeal does not provide a basis for habeas relief.

## D. Claim Four: Superior Court Lacked Jurisdiction

A court acquires jurisdiction over a criminal case after the lodging of a sufficient and formal accusation against the accused. Albrecht v. United States, 273 U.S. 1, 8 (1927). As a general rule, a State may initiate a criminal prosecution by the issuance of a grand jury indictment or by the filing of an information by the prosecutor, provided that both methods are authorized by the State's statutory law or constitution. Hurtado v. California, 110 U.S. 516, 538 (1884); Branzburg v. Hayes, 408 U.S. 665, 688 n.25 (1972)("indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment."). Additionally, a State does not violate the Fourteenth Amendment if it prosecutes by information

19

without holding a preliminary hearing. See Gerstein v. Pugh, 420 U.S. 103, 114, 120-25 (1975); Lem Woon v. Oregon, 229 U.S. 586, 590 (1913).

In Delaware, offenses within the exclusive jurisdiction of the Superior Court must be prosecuted by indictment, but offenses other than capital crimes may be prosecuted by information if the defendant waives his right to indictment. See Del. Super. Ct. Crim. R. 5(d) and 7(b); Joy v. Superior Court, 298 A.2d 315, 316 (Del. 1972). When the State prosecutes by grand jury indictment, there is no need to hold a preliminary hearing because the issuance of the indictment establishes probable cause. Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975); see also United States v. Shober, 489 F. Supp. 393, 401 (E.D. Pa. 1979)(holding that denying a preliminary hearing to indicted defendants does not violate due process or equal protection); Jenkins v. State, 305 A.2d 610 (Del. 1973); Joy, 298 A.2d at 316. However, when the State prosecutes by information, a preliminary hearing must be held unless the defendant voluntarily enters a waiver of preliminary hearing and prosecution by indictment. Del. Super. Ct. Crim. R. 5(d); 7(a) and (b). Such a waiver will be valid if the defendant was advised of the nature of the charge as well as his rights, and the waiver is in writing or given in open court. Del. Super. Ct. Crim. R. 7(b).

In his final claim, Petitioner contends that the Superior

20

Court lacked jurisdiction to hear his case because he did not voluntarily waive a preliminary hearing and he did not voluntarily waive his right to be prosecuted by indictment. Petitioner asserts that he only signed the waiver of indictment form because the public defender representing him at that time told him he would receive a plea deal of 30 days by waiving the preliminary hearing.

During Petitioner's Rule 61 proceeding, the Superior Court held that Petitioner validly waived the indictment and that he agreed to proceed by information. Gibbs, 2006 WL 1149161, at *7. The Delaware Supreme Court affirmed the Superior Court's decision on post-conviction appeal, and also specifically held that Petitioner's waiver of a preliminary hearing was valid. Gibbs, 2006 WL 3455097, at *2.

To the extent Claim Four presents an issue cognizable in this habeas proceeding,[12] the Court will review the claim under § 2254(d)(2) to determine if the Delaware Supreme Court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. As an initial matter, Petitioner has not provided any clear and convincing evidence to rebut the presumption of correctness that attaches to the Delaware State

---

[12]In Tenace v. Artus, 2005 WL 1397139, at *3 (N.D. N.Y. May 27, 2005), the District Court of Northern New York held that a claim asserting an invalid waiver of indictment in a state criminal prosecution constituted an issue of state law and was therefore not cognizable on federal habeas review.

21

Courts' finding regarding the validity of Petitioner's waiver of preliminary hearing and prosecution by indictment. See 28 U.S.C. § 2254(e)(1); Reese v. Fulcomer, 946 F.2d 247, 256 n.4 (3d Cir. 1991).

Moreover, the Court has found nothing in the record to support Petitioner's contention that he was coerced into waiving a preliminary hearing and indictment. The waiver of preliminary hearing and indictment form contains Petitioner's signature and the signature of counsel who represented Petitioner at that time, and the form explicitly states that Petitioner knowingly waived the preliminary hearing and prosecution by indictment, and that he knowingly consented to prosecution by information. (D.I. 17, at Exh. F.) The waiver form also contains the statement "[i]n addition to Rule 16 discovery, the state shall provide copies of the police reports to the defense," (D.I. 17, at Exh. F.), indicating that the purpose for waiving the preliminary hearing was to obtain police reports, which is a customary and common practice in Delaware. See In Re Motion for Postconviction Relief, Def. ID# 92S05488DI(State v. Miller), 1995 WL 656783, at *2 (Del. Super. Ct. 1995)(explaining that, Delaware defense attorneys customarily waive the preliminary hearing in order to obtain police reports because the reports are not discoverable under the Superior Court Criminal Rules). Therefore, the Court concludes that the Delaware Supreme Court's conclusion regarding

the validity of Petitioner's waiver of indictment and preliminary hearing was a reasonable determination of the facts based on the evidence in the record. See 28 U.S.C. § 2254(d)(2).

Given the validity of Petitioner's waiver of indictment and preliminary hearing, the State's subsequent filing of an information properly established the Superior Court's jurisdiction over Petitioner's case. See Vickers v. Delaware, 2002 WL 31107362, at *5 (D. Del. Sept. 23, 2002). Accordingly, the Court will deny Claim Four.

## E.   MOTION FOR EVIDENTIARY HEARING

Petitioner has filed a Motion for Evidentiary Hearing, which essentially re-states and supplements the arguments presented in his Petition. (D.I. 43.) However, because the Court has concluded that it must deny the Petition in its entirety, the Court will deny the deny Petitioner's Motion for Evidentiary Hearing as moot.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional

23

claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief.  In the Court's view, reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court declines to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.